**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000776
22-JUN-2015
08:27 AM**

NO.CAAP-14-0000776

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JUSTINE K. RIVERA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-13-04466)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Justine K. Rivera appeals[1] from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on April 11, 2014 in the District Court of the First Circuit, Honolulu Division ("District Court").[2] Rivera was found guilty of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes

---

[1]    Rivera's Notice of Appeal does not comply with Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 3(c)(2). While the notice claims that "[t]he Judgment is attached hereto as Exhibit 'A,'" that exhibit is merely a reproduction of the "Printable Calendar View" for Rivera's case. Rivera's Opening Brief is also noncompliant with HRAP Rule 28(b)(3) because no judgments or orders appealed from are attached.

Counsel is advised that future noncompliance with these rules may result in dismissal pursuant to HRAP Rule 30, and/or sanctions pursuant to HRAP Rule 51. *See In re Marn Family Litigation*, 132 Hawaiʻi 165, 169, 319 P.3d 1173, 1177 (2014) (discussing consequences of noncompliance).

[2]    The Honorable David Lo presided.

("HRS") § 291E-61(a)(3) (Supp. 2012).[3]

Rivera's conviction arises out of a traffic stop initiated by Honolulu Police Department ("HPD") Officer Sheldon Vaughn Watts, Jr., who was stopped at a red light directly behind Rivera's two-door hatchback vehicle at approximately 4:00 a.m. on September 22, 2013 and observed through the car's rear window that six people were sitting in the back seat, three of whom were "moving around freely" in a manner suggesting that they were unsecured by seatbelts. At trial, Officer Watts noted that from his vantage point, he was unable to determine whether any of the back seat occupants were wearing seatbelts at the time.

At trial, Officer Watts gave testimony regarding the traffic stop and Rivera moved to "suppress the traffic stop" for want of reasonable suspicion. The District Court denied the motion, citing "the totality of the circumstances." At the conclusion of trial, the court adopted the arguments made by the State, denied Rivera's written motions to suppress, and found her guilty of OVUII. The court sentenced Rivera on April 11, 2013, revoking Rivera's driver's license for one year, ordering Rivera to attend substance abuse assessment classes and to perform seventy-two hours of community service, and fining Rivera $762.00.

On appeal, Rivera raises four issues with regard to the HPD's use at the police station of the "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" form in securing Rivera's consent to a breath test, and a fifth issue regarding

---

[3] Rivera was initially charged with violating HRS §§ 291E-61(a)(1) & (3), HRS § 291-3.1(b) (prohibiting open containers) and HRS § 431:10C-104(a) (requiring motor vehicle insurance), but the District Court only found her guilty under HRS § 291E-61(a)(3). HRS § 291E-61 states, in relevant part, that:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Haw. Rev. Stat. § 291E-61(a)(3).

the constitutionality of the initial traffic stop.  Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Rivera's fifth point of error as follows and reverse:

Rivera contends that Officer Watts lacked reasonable suspicion to justify the stop of Rivera's car because the stop was premised on an incorrect understanding of the law. We conclude that Officer Watts lacked reasonable suspicion to justify the stop.

Officer Watts' articulated basis for the stop was that (1) the six people he saw in the back seat, some of whom were moving, exceeded the three available seatbelts, thereby violating the law requiring that all passengers be restrained by seatbelts; and (2) the people moving in the backseat obstructed the driver's ability to see out the back window, thereby violating the law prohibiting obstruction of the driver's view.

The laws that Officer Watts relied upon to justify his stop are clear and unambiguous.  As the State concedes, the seatbelt law does not require passengers to wear a seatbelt if all the seat belt assemblies available or originally installed are already being used to restrain other passengers.  *See* Haw. Rev. Stat. § 291-11.6(c)(2) (2007 & Supp. 2012).  In addition, the law pertaining to obstructing a driver's view only prohibits overloading that obstructs the driver's view to the front or sides of the vehicle. *See* Haw. Rev. Stat. § 291C-124 (2007). Thus, Officer Watts' articulated basis for the stop did not establish reasonable suspicion that a traffic violation had been or was about to be committed.  *State v Heapy*, 113 Hawai'i 283, 296, 151 P.3d 764, 777 (2007).

Because the stop of Rivera's car was illegal, the fruits of that stop, including the evidence used to support Rivera's OVUII conviction, should have been suppressed. Accordingly, we reverse the April 11, 2014 Notice of Entry of Judgment and/or Order and Plea/Judgment entered in the District Court of the First Circuit, Honolulu Division.  In light of our

decision regarding Rivera's reasonable suspicion claim, we need not address the other issues that Rivera raises on appeal.

DATED:   Honolulu, Hawai'i, June 22, 2015.

On the briefs:

Jonathan Burge
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge